IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2009

## STATE OF TENNESSEE v. DON WAYNE WILLIAMS

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-384    Roy B. Morgan, Jr., Judge**

**No. W2009-00024-CCA-R3-CD  - Filed September 28, 2009**

The defendant, Don Wayne Williams, was convicted by a Madison County jury of resisting arrest, a Class B misdemeanor, and felony failure to appear, a Class E felony.  He was later sentenced by the trial court to six months for the resisting arrest conviction and as a career offender to six years for the failure to appear conviction.  His sole issue on appeal is whether the evidence was sufficient to sustain his conviction for failure to appear.  Based on our review, we conclude that the State presented sufficient evidence from which a rational jury could find the defendant guilty of the offense beyond a reasonable doubt.  Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; and Susan D. Korsnes, Assistant Public Defender, for the appellant, Don Wayne Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Anna B. Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

This case arises out of an altercation that occurred at the Pit Stop Tavern in Madison County on the night/early morning of December 7-8, 2007.  When a Madison County sheriff's deputy arrived in response to a complaint of a drunk driver, he learned from the tavern manager that the defendant, who was "sort of angry," had been made to leave the establishment, had threatened to drive his truck through the building, and had then accelerated his vehicle toward the manager.  The defendant was arrested at the scene and subsequently indicted for DUI, driving on a suspended, revoked, or cancelled license, aggravated assault, reckless endangerment, resisting arrest, and felony

failure to appear. He was tried before a circuit court jury on October 2, 2008, ultimately convicted of the resisting arrest and failure to appear counts of the indictment[1] and sentenced to concurrent terms of six months and six years, respectively.

We confine our summary of the trial proceedings to the evidence relevant to the sole issue raised in this appeal. Judge Hugh Harvey, Jr., a general sessions judge in Division I of Madison County, testified that all persons arrested in Madison County are initially brought either before him or Judge Anderson in City Court, with those arrested by a state trooper or deputy sheriff usually brought to the Madison County General Sessions Court and those arrested by a city officer brought to City Court. He vaguely remembered the defendant's having been brought before him on the arrest warrant in the instant case, which charged him with DUI, aggravated assault, and other offenses. He said his usual procedure when someone charged with a felony appears before him is to read the charges, set a bond, and give the individual a date to return for a preliminary hearing. He stated that the court staff prepares a sheet of paper with the date and time that the defendant is to reappear in court and that they keep a copy for the court and give a copy to the defendant. Because that procedure is followed in every case, he assumed that it was done in the defendant's case.

Judge Harvey testified that he signed a warrant charging the defendant with failure to appear in court on March 11. Because it was unusual for a preliminary hearing not to be held within thirty days of an arrest, he assumed that one of the parties must have requested a continuance that resulted in the March 11 court date. He agreed that the same procedure for informing a defendant of his next court date would be followed in the event a continuance is granted. He recalled, however, that the defendant's counsel filed a motion for a continuance of the March 11 date, but that there was never a ruling on the motion and no one showed up in court on that date. He, therefore, felt he had no choice but to issue a warrant for failure to appear. He explained:

> [The defendant's] attorney at the time, Mr. Smith out of Lexington, filed a Motion to Continue, and there was never a ruling on the motion, and nobody showed up to court, so a failure to appear went down. I remember that. The way I looked at it -- I know Mr. Smith filed a Motion to Continue, but to my knowledge he didn't follow up and have any kind of court hearing to rule on the motion on it being continued. The way I look at it, you can't just file a Motion to Dismiss and if nobody responds to it then your case is dismissed. So I didn't have a choice but to file a failure to appear because he wasn't in court that day. Why, I don't know.

On cross-examination, Judge Harvey agreed that it was an attorney's responsibility to follow through on motions filed on behalf of a client.

## ANALYSIS

----

[1]The State nolle prosequied the driving on a suspended, revoked, or cancelled license count of the indictment prior to trial. At the conclusion of the trial, the jury was unable to reach a verdict on the DUI count, acquitted the defendant of the aggravated assault count, and convicted him of the reckless endangerment, resisting arrest, and felony failure to appear counts of the indictment. The State later nolle prosequied the DUI count as well as the reckless endangerment count, which had been erroneously listed as "reckless driving" on the face of the indictment.

## Sufficiency of the Evidence

On appeal, the defendant challenges only the sufficiency of the evidence in support of his conviction for felony failure to appear. In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant was convicted of a violation of Tennessee Code Annotated section 39-16-609, which provides that "[i]t is unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person . . . [h]as been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding . . . at a specified time or place[.]" Tenn. Code Ann. § 39-16-609(a)(4) (2006). The statute further provides: "It is a defense to prosecution under this section that . . . [t]he person had a reasonable excuse for failure to appear at the specified time and place." Id. § 39-16-609(b)(2).

The defendant contends that Judge Harvey's assumption that the proper notification procedure was followed in his case, without proof that it was completed and the copy placed in the court's record, was insufficient to show that he had actual knowledge of the March 11 hearing. The State responds by arguing that Judge Harvey's testimony that the defendant would have received a card listing his court date, along with the fact that the defendant did not provide any reasonable excuse for his failure to appear, was sufficient to sustain the conviction. We agree with the State.

To convict the defendant of failure to appear, the jury was required to find beyond a reasonable doubt that (1) he knowingly failed to appear at an official proceeding, (2) he was directed to appear by a lawful authority, and (3) he was "lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding . . . at a specified time or place." Tenn. Code Ann. § 39-16-609(a)(4); see also State v. Edward Talmadge McConnell, No. E1998-00288-CCA-R3-CD, 2000 WL 688588, at *6 (Tenn. Crim. App. May 30, 2000), perm. to appeal denied (Tenn. Jan. 8, 2001). Judge Harvey recalled the defendant's having been brought before him at the time of his initial arrest and explained that he would have followed a procedure of setting a bond and giving the defendant a date to return for his preliminary hearing. He further testified that the court staff, following their usual practice and protocol, would have given the defendant a card that listed the date and time he was required to come back to court. Judge Harvey assumed that one of the parties must have requested a continuance that resulted in the March 11 court date, and agreed that the same notification procedure would have been followed if the defendant had been in court that date. He specifically recalled, however, that the defendant's counsel filed a motion for a continuance of the March 11 date, but the motion was not granted and no one showed up in court on that date. This evidence, taken in the light most favorable to the State, was sufficient for the jury to find that the defendant knowingly failed to appear for his scheduled hearing. See, e.g., State v. Gregory Dunnorm, No. E2006-00366-CCA-R3-CD, 2007 WL 152542, at *3 (Tenn. Crim. App. Jan. 22, 2007) (upholding defendant's conviction for failure to appear based on evidence that included testimony by court officials of court's practice of giving defendants scheduling cards apprising them of adjusted court dates). We conclude, therefore, that the evidence was sufficient to sustain the defendant's conviction for felony failure to appear.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

ALAN E. GLENN, JUDGE

-4-